United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30458
Summary Calendar

_____

MICHAEL THOMAS

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-548
--------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Thomas, Louisiana prisoner # 126190, was granted a

certificate of appealability on the issues whether trial counsel

rendered ineffective assistance by not securing testimony of an

alibi witness and whether the evidence was insufficient to

support his conviction.  Thomas v. Cain, No. 04-30458, (5th Cir.

Nov. 9, 2004).

Thomas argues that the district court should have granted

him habeas relief because the state court's application of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Strickland v. Washington, 466 U.S. 668 (1984), was unreasonable. 28 U.S.C. § 2254(d). He challenges the Louisiana Second Circuit Court's finding of fact as a wrongful substitution of its judgment and credibility determination for that of the trial court.

The district court determined that Thomas's challenge to the finding of the Second Circuit rejecting the trial court's factual finding was a matter of state procedural law and therefore not subject to federal habeas review. See Rudd v. Johnson, 256 F.3d 317, 320 (5th Cir. 2001). The district court also stated that Thomas failed to establish by clear and convincing evidence that the Second Circuit Court erred when it did not defer to the factual findings of the trial court. The district court's finding is not clearly erroneous because the state court's decision did not involve an unreasonable application of Strickland.

With regard to Thomas's assertion that the evidence was insufficient in light of the new alibi testimony, he is not entitled to relief because Jackson v. Virginia, 443 U.S. 307 (1979), requires the court to evaluate the "record evidence" to determine whether a finding of guilt could be supported. 443 U.S. at 318. The testimony of Charles Cummings was not presented at trial and therefore cannot be considered in an insufficiency argument.

The state court reviewed the testimony and evidence presented at trial and concluded that a rational trier of fact could find Thomas guilty of attempted manslaughter beyond a reasonable doubt.  The state court's decision was not in violation of clearly established federal law and did not involve an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Therefore, Thomas is not entitled to federal habeas relief.  The decision of the district court is AFFIRMED.